UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ADVANCED LEGAL SERVICES, *et al*, <br><br> Plaintiffs, <br> v. <br><br><br> BROOKS, *et al*, <br><br> Defendants. | Case No. 1:24-cv-01510-MMM |

**ORDER**

Now before the Court is *pro se* Plaintiffs' John Doe, Advance Legal Services, and Judicial Prosecutors Ltd Motion for Leave to Proceed *in forma pauperis* ("IFP"). ECF No. 7. For the following reasons, Plaintiffs' Motion is **DENIED**.

A person filing a lawsuit in this District must typically pay $405. In order to provide greater access to indigent litigants, this fee may be partially or wholly waived if an indigent litigant submits an affidavit showing that they are unable to pay. 28 U.S.C. § 1915. Despite this, it is clearly established law that a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *see United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A limited liability company is not a corporation, but it is like one in being distinct from a natural person.") Under § 1915, only individuals are permitted to proceed *pro se* in civil cases because they may be unable to afford a lawyer, or the lawyer's fee may be too high relative to the stakes of the litigation. *See id.*

Here, John Doe filed his IFP motion on January 6, 2025, seeking leave to proceed *pro se*. ECF No. 7. However, the Complaint indicates that John Doe; Advanced Legal Services, the sole proprietorship of John Doe; and Judicial Prosecutors Ltd, a limited liability corporation, have jointly filed this lawsuit as Plaintiffs. ECF No. 1. Since this lawsuit was filed, John Doe has submitted all filings on behalf of the Plaintiffs. Additionally, Plaintiffs note that Judicial Prosecutors Ltd does in fact employ lawyers of its own. ECF No. 1 at 4 n. 2. Should John Doe seek to prosecute this litigation he cannot do so *pro se* while also naming his business or another entity that is distinct from a natural person. Plaintiffs must therefore hire an attorney to represent them or amend their Complaint. Granting the IFP motion at this point would only serve to ignore decades of precedent and allow John Doe to essentially serve as a *de facto* attorney. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("[C]orporations must appear by counsel or not at all."); *see Austin v. Cook County*, Case No. 1:21-CV-3826, 2022 WL 4386685, *3 (N.D. Ill Sept. 22, 2022) (holding that a sole proprietorship is also bound by the rule that businesses must hire an attorney to sue or defend on behalf of the entity). Therefore, Plaintiffs' Motion for Leave to Proceed *in forma pauperis* is **DENIED**. Plaintiffs are **DIRECTED** to hire counsel to represent the business entities within 21 days of this Order or amend its Complaint in accordance with this order and the Federal Rules of Civil Procedure. Failure to do so will result in dismissal of the complaint, without prejudice.

Entered on March 18, 2025.

/s/ *Michael M. Mihm*
Michael M. Mihm
United States District Judge